**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIRACOR MEDICAL SA,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES AND THORATEC LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-16257<br><br>Hon. Sunil R. Harjani<br><br>Hon. M. David Weisman<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO REASSIGN RELATED CASE

Pursuant to Local Rule 40.4, Plaintiff Miracor Medical SA ("Miracor") moves to reassign the case styled as *Miracor Medical v. Abbott Laboratories*, No. 1:25-cv-00484 (the "Second Action," the Complaint of which is attached as <u>Exhibit A</u>) to this Court which was assigned this case, styled as *Miracor Medical v. Abbott Laboratories*, No. 1:23-cv-16257 (the "First Action"), by Order entered April 16, 2024. Dkt. 39. As set forth below, both cases involve common questions of law or fact, the handling of both matters by a single judge will result in a substantial savings of judicial time and effort, and the cases are susceptible of disposition in a single proceeding.

### STATEMENT ON THE COURT'S MEETING
### REQUIREMENT FOR ALL MOTIONS

The filing of this motion was discussed at the Status Hearing conducted before Magistrate Judge Weisman on February 13, 2025. On February 19, 2025, Miracor provided Defendants Abbott Laboratories and Thoratec LLC (collectively, "Abbott") a substantially similar copy of this motion. In that communication, Miracor informed Abbott of its intent to file this motion on February 24, 2025, and asked Abbott to provide its position on the relief requested in this motion. Abbott has not responded.

**PROCEDURAL BACKGROUND**

1.      The First Action is a patent infringement action that was filed on November 27, 2023, and, after initial assignment to the Hon. Steven C. Seeger, was assigned to this Court. Dkt. 39. Thereafter, the Court entered an Order referring the supervision of discovery and other matters to the Hon. M. David Weisman. Dkt. 39. Central to the First Action, Miracor has accused Abbott's Heartmate 3 Left Ventricular Assistance Device (LVAD) of infringing certain of Miracor's patents.

2.      To date, in the First Action:

   a.   The Parties have been conducting written fact discovery and one deposition has been taken.

   b.   The Court has already addressed a Rule 12 motion relating to the sufficiency of Abbott's allegations relating to certain counterclaims and defenses. *See* Dkt. 81, Order on Motion to Dismiss Abbott's Counterclaims and Affirmative Defenses.

   c.   In November, Abbott filed several *inter partes review* petitions ("IPRs") seeking review by Patent Trial and Appeal Board of Miracor's patents asserted in the First Action. *See* Dkt. 106. Abbott's IPRs seek to challenge the validity of Miracor's patents asserted in the First Action on the basis that the patents claim subject matter that is obvious and/or not novel. *See id.*

   d.   Following Abbott's filing of its IPRs, the Court has entered an Order granting Abbott's motion for a partial stay. *See id.*

   e.   Other than fact discovery, other case deadlines have been stayed pending the PTAB's institution decisions with respect to Abbott's IPRs, which are

expected in May or June of 2025. *See* Dkt. 95.

3. The Second Action, which was filed on January 15, 2025, is another patent infringement action involving Abbott's Heartmate 3 LVAD. The patents asserted in the Second Action issued nearly a year after the filing of the First Action. Prior to Miracor's filing of the Second Action, the parties had negotiated over a proposal to amend the complaint in the First Action to include these additional patents. *See* Dkt. 100, Joint Status Report, dated 01/02/25, at 5-6. However, because Abbott rejected Miracor's proposal for amendment of the First Action, Miracor filed the Second Action. Ex. B. (01/16/25 Hr'g Tr.), at 5:18–6:5; 7:4–9:25.

4. The Second Action has been assigned to the Hon. Georgia N. Alexakis and Hon. M. David Weisman. *See* Minute Entry, *Miracor Medical v. Abbott Laboratories*, No. 1:25-cv-00484 (N.D. Ill. Jan. 15, 2025), Dkt. 8.

5. Outside of the filing of the Complaint, no other substantive action has taken place in the Second Action. A status conference is scheduled in the Second Action on March 25, 2025, and Abbott's answer in the Second Action is due on March 24, 2025. *See id.*; Waiver of Service, *Miracor Medical v. Abbott Laboratories*, No. 1:25-cv-00484, Dkt. No. 10.

**THE REQUIREMENTS OF LR 40.4 ARE SATISFIED**

6. Local Rule 40.4 provides that two cases may be related if they involve the same property, the same issues of law or fact, or the same transaction or occurrence. L.R. 40.4(a). The Rule also provides that a case may be reassigned to the calendar of another judge if it is found to be related to the judge assigned to the earlier numbered case and the following factors are met:

    (1)    the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

    (2)    the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

3

(3)     the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b).

7.     Although Local Rule 40.4(c) implies that a motion for reassignment is not ripe until an answer is filed in the case subject to reassignment, that requirement is not mandatory. Moreover, the subject of the reassignment of the Second Action, as well as the integration of the Second Action with the First Action, has already been addressed with this Court during recent status hearings.  *See* Joint Status Report, 01/07/25, Dkt. 100, at 6; Ex. B, at 7:4–9:25.

8.     The criteria for reassignment of the Second Action to this Court are all satisfied. Both cases involve the same parties, the same accused infringing device, and therefore present common questions of law and fact. Further, the asserted patents in the Second Action claim priority to the same earliest priority parent patent. *Compare, e.g.*, Complaint, Ex. A, at 30-33 ('007 Patent asserted in Second Action), *with, e.g.,* Complaint, Dkt. 1 at 51-57, ('356 Patent asserted in First Action).

9.     The Parties already have started to confer about the potential coordination of the First Action and Second Action.  *See* Dkt. 100, Joint Status Report, 01/07/25, at 5-6; Ex. B, at 7:4–9:25.  The reassignment of the Second Action to this Court will facilitate such coordination and will save judicial time and effort.

10.     Moreover, as the First Action is subject to a partial stay, and deadlines under the Local Patent Rules have been adjourned in consideration of Abbott's filing of IPRs, designating the Second Action as related to the First Action is not likely to delay the final adjudication of the First Action.

11.     To the contrary, given the partial stay of proceedings in the First Action, should the Second Action be reassigned to this Court, certain events under the Local Patent Rules (such as

the parties' initial disclosures, initial contentions, and related discovery) can take place such that the First and Second Action can become aligned. And once the cases are aligned, the First and Second Action can efficiently proceed to disposition in a coordinated manner.

WHEREFORE, for the foregoing reasons, Miracor requests that Case No. 1:25-cv-00484 be reassigned to this Court.

Date: February 24, 2025

Respectfully submitted,

MIRACOR MEDICAL SA

By: /s/ *Paul Olszowka*

Ronald Cahill
Alex Friel
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (617) 316-5310
Email: rcahill@btlaw.com
Email: afriel@btlaw.com


Lauren Baker
BARNES & THORNBURG LLP
3340 Peachtree Road Northeast, Suite 2900
Atlanta, GA 30326
Telephone: (404) 846-1693
Email: lauren.baker@btlaw.com

Todd Vare
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Email: todd.vare@btlaw.com

Mark A. Hagedorn
Craig D. Leavell
Paul T. Olszowka
Kyle Prillaman
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone (312) 357-1313
Email: Mark.Hagedorn@btlaw.com
Email: Craig.Leavell@btlaw.com
Email: Paul.Olszowka@btlaw.com
Email: Kyle.Prillaman@btlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of February, 2025, a copy of the foregoing and its exhibits were served via ECF on counsel of record.

By:  */s/ Kathleen Murphy*